IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL LEWIS KING, # 2197519 : | Civil Action No.  PJM-11-2358 |
| : | |
| v. : | |
| : | |
| DANA MARK LEVITZ, Maryland : | |
| Circuit Court Judge : | |

oo0oo
**MEMORANDUM**

Daniel King has filed a prisoner civil rights complaint under 42 U.S.C. § 1983, claiming that he is being unlawfully detained for not registering as a sex offender for a 2001 conviction.  King's Motion to Proceed in Forma Pauperis will be granted.  The Court will dismiss the Complaint for failure to state a cause of action upon which relief can be granted.

**Background**

King claims that at the time he pleaded guilty to attempted third-degree sexual in the Circuit Court for Baltimore County, the registry requirement was for ten years, and the requisite time period has passed. Complaint, p. 4, ¶ III.  King wants an investigation into the "original stipulations" of his state case.  He names the Honorable Dana Mark Levitz as a defendant in this proceeding because he avers the "judge is the only proof I have…." *Id*.

**Preliminary Review**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A requires district courts to preliminarily screen complaints in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. A district court must dismiss a complaint or any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A;  *see McClean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009).

Where, as here, the litigant is self-represented, the Court liberally construes the pleading, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding it to a less stringent standard than that drafted by an attorney. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this liberal standard, however, this Complaint is subject to summary dismissal. Liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir.1990).

**Discussion**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish violation of a Constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979). In his complaint, King fails to allege any abridgement of federal or Constitutional law. Further, to the extent King wants to challenge his current detention or collaterally challenge his 2001 conviction, his claims must first be presented in the state courts. Insofar as King might want this court to issue a writ of mandamus to order the state to investigate his 2001 conviction, federal district courts have no mandamus jurisdiction over state employees. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, the Complaint will be dismissed without prejudice by separate Order to follow.

September 23, 2011                                             /s/
                                                    PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE